IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLUMBIA HOUSING SLP CORPORATION and COLUMBIA HOUSING/PNC INSTITUTIONAL FUND XX LIMITED PARTNERSHIP, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Civil Action No. 15-420<br>) Hon. Nora Barry Fischer |
| v. | ) |
| JAY T. TREVOR and J&T DEVELOPMENT, LLC,<br>Defendants. | )<br>)<br>)<br>) |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

This is a breach of contract case related to an "Agreement of Guaranty" entered into by Guaranty Defendants Jay P. Trevor ("Trevor") and J&T Development, LLC ("J&T Development"), for the benefit of Plaintiffs Columbia Housing SLP Corporation ("Columbia Housing") and Columbia Housing/PNC Institutional Fund XX Limited Partnership (the "Fund") in relation to Plaintiffs' contribution to a real estate development entity known as "Art House," (the "Project"). (Docket No. 1 at ¶ 1). Presently before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 11). Plaintiffs filed a brief in opposition to the motion to dismiss on June 29, 2015. (Docket No. 16). Defendants filed a reply in support of their motion to dismiss on July 14, 2015. (Docket No. 21). A hearing and oral argument on the motion to dismiss was held on July 28, 2015. (Docket No. 23). At the hearing, the Court denied the motion on the record. (*Id.*). It writes at this time to provide additional reasoning for its decision.

## II. BACKGROUND[1]

Plaintiffs and Art House Development, LLC ("AHD") were members of Art House, LLC (the "Company"), which was formed to acquire property located in Des Moines, Iowa as the site of the Project. (Docket No. 1 at ¶¶ 17-19). Defendants executed the Agreement of Guaranty to induce Plaintiffs' involvement in the Company. (*Id*. at ¶ 35). The parties amended the Original Operating Agreement on December 12, 2007 ("First Amendment"). (*Id*. at ¶ 26). To that end, Paragraph 19 of the First Amendment provides: "This First Amendment and the Original Agreement, together with any guarantees, security agreements and related UCC-1 Financing Statements and the Letter of Intent, subject to the terms and conditions of the Company Documents as mutually agreed upon by the parties thereto, constitute the entire agreement among the parties . . . ." (Docket No. 1-2 at ¶ 19).

Under the Agreement of Guaranty, Defendants guaranteed certain obligations of AHD and the Company. Paragraph 6 of the Guaranty pertains to waivers and provides that:

> Guarantor[2] hereby waives . . . (b) any and all claims or defenses relating to lack of diligence or delays in collection or enforcement, or any other indulgence or forbearance whatsoever with respect to any obligations relating to the Operating Agreement, the Company Documents or any other documents relating to Company or the Project, or the Guaranteed Obligations and any defense which Guarantor may have by reason of any defense which Company or Voting Member may have against any Member, other than payment, satisfaction and performance of the Guaranteed Obligations. (*Id*. at ¶ 6).

Paragraph 8 of the Guaranty states: "Guarantor shall remain liable with respect to the payment, performance, observance, compliance or satisfaction of the Guaranteed Obligations or any part

---

[1] For the purpose of resolving the instant Motion, the Court accepts, as true, all well-pleaded facts. *E.g., Bell v. Cheswick Generating Station*, 734 F.3d 188, 193 n.5 (3d Cir. 2013).
[2] Per the Agreement of Guaranty, Trevor and J&T Development are defined collectively as "Guarantor." (Docket No. 1-3).

2

thereof irrespective of whether a recovery upon the same may have been barred by any statute of limitations." (*Id*. at ¶ 39).

The Project never came to fruition; but, under the terms of the First Amendment, Plaintiffs were entitled to recover "Redemption Obligations" defined in Paragraph 9 of the First Amendment. (Docket No. 1 at ¶ 4). Plaintiffs sent a written demand to Art House and AHD on September 9, 2008 seeking recovery of these contributions to the Project. (*Id*. at ¶ 46). Written demands were again sent to Art House and AHD in November of 2008, April of 2014, and August of 2014. (*Id*.). Plaintiffs claim that Art House, AHD, Trevor, and J&T Development never satisfied the Redemption Obligation owed to them under Paragraph 9 of the First Amendment. (*Id*. at ¶ 48).

## III. LEGAL STANDARD

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R .CIV.P. 8(a)(2). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "The law of this Circuit (the so-called 'Third Circuit Rule') permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of the claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (internal quotation omitted). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Id*. (quotation omitted).

3

The Supreme Court in *Iqbal* clarified that the decision in *Twombly* "expounded the pleading standard for 'all civil actions.'" *Iqbal*, 556 U.S. at 684. The court further explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, the pleadings must include factual allegations to support the legal claims asserted. *Id*. at 678–79. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). The determination as to whether a complaint contains a plausible claim for relief "is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 556).

In light of *Iqbal*, the United States Court of Appeals for the Third Circuit has instructed that district courts should first separate the factual and legal elements of a claim and then, accepting the "well-pleaded facts as true," "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir.2009). Ultimately, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

## IV.  DISCUSSION

Defendants' Motion to Dismiss argues that the claims are barred by the statute of limitations for breach of contract actions. (Docket No. 12 at 1). Plaintiffs contend Defendants breached the Guaranty Agreement at issue in this matter on October 9, 2008. (*Id*.). The lawsuit was filed on

4

March 26, 2015; thus, Defendants allege, the cause of action is barred by Pennsylvania's[3] four-year statute of limitations[4]. (*Id*. at 4).

Plaintiffs allege that Defendants voluntarily waived any statute of limitations affirmative defenses under Paragraph 8 of the Guaranty Agreement. (Docket No. 16 at 3). According to Plaintiffs, the complaint clearly alleges that the Defendants waived their attempted statutory limitations defense. (*Id*. at 4); (Complaint ¶¶ 34-40).

The transactions at issue here involved sophisticated parties represented by counsel. (Docket Nos. 1-2, 1-3). "Under Pennsylvania law, contracting parties are presumed to have read and understood the contract terms when they execute the agreement." *White v. Jewish Ass'n on Aging*, Civ. No. 13-344, 2013 WL 5963128, at *5, n.4 (W.D. Pa. Nov. 7, 2013) (Fischer, J.) (citing *Crispo v. Crispo*, 909 A.2d 308, 313 (Pa. Super. Ct. 2006)).

Absent ambiguity within the contractual terms of an agreement, the contract will be enforced based on the plain meaning of the language. *Murphy v. Duquesne Univ. Of The Holy Ghost*, 777 A.2d 418 (Pa. 2001) (citations omitted). Defendants contend that the contract language purporting to waive the statute of limitations defense must be clear and unambiguous, which Defendants argue the language of Paragraph 8 is not. (Docket No. 12 at 5). Paragraph 8, in relevant part, states: "Guarantor shall remain liable . . . irrespective of whether a recovery upon the same may have been barred by any statute of limitations." (Docket No. 1-3 at ¶ 8). The

---

[3] Pennsylvania law governs the Agreement of Guaranty. (Docket No. 1-3 ¶ 13).
[4] 42 Pa.C.S. § 5525 provides: (a) General rule -- Except as provided for in subsection (b), the following actions and proceedings must be commenced within four years: (1) An action upon a contract, under seal or otherwise, for the sale, construction or furnishing of tangible personal property or fixtures. While the statute of limitations for breach of contract actions in Pennsylvania is four years, 42 Pa.C.S. § 5525, the laws of the State of Iowa govern the First Amendment. (Docket No. 1-2 at ¶ 24). The statute of limitations for breach of contract actions in Iowa is ten years. Iowa Code Ann. § 614.1. Therefore, the limitations period has not yet run in Iowa.

5

Court finds this Paragraph lacks ambiguities. The plain and unambiguous language of a contract does not require a court's construction, but rather, will be enforced according to its terms. *Shipley v. Pittsburgh & L. E. R. Co.*, 83 F. Supp. 722 (W.D. Pa. 1949).

The language under Paragraph 6, entitled "Waivers," states that any and all claims or defenses relating to lack of diligence or delays are waived. (*Id.*). Defendants claim the cause of action is barred by the statute of limitations because the lawsuit was filed over six years after the breach of the Guaranty[5]. (Docket No. 12 at 1). "The purpose of a statute of limitations is to encourage the filing of claims promptly by giving no more than a reasonable time within which to make a claim." *Zeleznik v. United States*, 770 F.2d 20 (3d Cir. 1985). However, Defendant waived any and all such claims or defenses pursuant to Paragraph 6 of the Guaranty. (Docket No. 1-3 at ¶ 6).

Furthermore, the "only essential prerequisite for a valid agreement is that the parties mutually assent to the terms and conditions." *Pugh v. Super Fresh Food Markets, Inc.,* 640 F.Supp. 1306, 1308 (E.D. Pa. 1986) (citing *Main Line Theatres, Inc. v. Paramount Film Distrib. Corp.*, 298 F.2d 801, 803 (3d Cir. 1962)). Paragraph 19 of the First Amendment specifies that the First Amendment and any guarantees are mutually agreed upon and constitute the entire agreement between both parties. (Docket No. 1-2 at ¶ 19). Defendants not only signed off on the First Amendment, indicating the document was mutually agreed upon, but Defendants also signed off on the Guaranty, which waived any defenses. (Docket Nos. 1-2, 1-3).

---

[5] A statute of limitations is about moving cases with alacrity and to prevent delays or lack of diligence. *See CTS Corp. v. Waldburger*, 134 S.Ct. 2175, 2183 (2014) ("Statutes of limitations require plaintiffs to pursue diligent prosecution of known claims." (internal citation omitted)). While the Court notes that Plaintiffs, should not have waited over six years to take action on a breach of contract claim, given Defendants' waiver in this case, it will not dismiss the case for failure to comply with Pennsylvania's statute of limitations at this stage.

Additionally, while Defendants argue that public policy runs counter to enforcing a waiver of statute of limitations defense, (Docket No. 6), so too is there a public policy interest in enforcing parties' contractual agreements, *see, e.g.*, *Twin City Pipe Line Co. v. Harding Glass Co.*, 283 U.S. 353, 356 (1931) ("The general rule is that competent persons shall have the utmost liberty of contracting and their agreements voluntarily and fairly made shall be held valid and enforced in the courts."). Here, as noted, all parties involved in the Guaranty were sophisticated and represented by counsel. "The principle that contracts in contravention of public policy are not enforceable should be applied with caution . . . ." *Id.* In this case, the Court refuses to find the Guaranty unenforceable as contrary to public policy. Accordingly, Defendants waived the statute of limitations as a defense under Paragraph 6 and Paragraph 8 of the Guaranty.

In this instance, the plain and unambiguous language of the contract prevails and this case now moves into discovery.

## V. CONCLUSION

For the foregoing reasons and those stated on the record at the July 28, 2015 Hearing, Defendants' Motion to Dismiss Plaintiffs' Complaint was denied. (Docket No. 24).

                                       *s/Nora Barry Fischer*
                                       Nora Barry Fischer
                                       United States District Judge

Dated: August 6, 2015

cc/ecf: All counsel of record